Mr. Chief Justice Sutton
delivered the opinion of the Court.
Stephen Caracasis, plaintiff in error, seeks by writ of error to reverse a judgment in the sum of $4,500, plus interest and costs, entered against him on a promissory note. It appears that the note was given on August 7, *170 1963, for services rendered by defendant in error, Chris S. Apostolon, in procuring a loan on some real property in Massachusetts owned by Caracasis. It is asserted that the trial court erred in finding an agreement between the parties; and, that even if “an agreement was proved * * * there was a failure of proof on the part of the plaintiff.”
The record discloses that Caracasis first entered into a written agreement to have Apostolon procure a loan of $75,000 at 6% interest for 10 to 15 years on his Massachusetts property. He was to pay a finance broker’s commission of $7,000 in addition to any commission also paid by the lender to the broker. No disclosure was made at the time that Caracasis’s property was already encumbered by two other mortgages in excess of $40,000. Due to the borrower’s then credit standing and the prior loans, the desired loan could not be found. Apostolon then sought, at his client’s request, a $40,000 loan on a second mortgage basis with a subordination of the prior second. Such a loan was procured. A few days prior to the closing, and while the loan data was being processed, Caracasis executed the $4,500 note in question to Apostolon for his services; it was made payable at the rate of $50 per week for 90 weeks. The payments were so scheduled in order to help Caracasis out in his purchase of another business.
It appears that Apostolon was not at the loan closing and that when Caracasis appeared there, the papers were apparently all to his satisfaction, except that he now testifies that the 10% per annum interest rate'being charged was unsatisfactory in view of the fact that he had intended a loan at the rate of 6% per annum. In any event, he signed the necessary instruments and the following day received his money. He then moved to Colorado. He, however, failed and refused to pay the noté held by Apostolon and as a result the present action ensued.
The record discloses a' conflict in the evidence as to *171 the rate of interest to be paid. Apostolon testified that he told Caracasis beforehand it would be 10 to 14% on the second mortgage. Caracasis, on the other hand, insisted that he hadn’t agreed to such a high rate of interest, and that Apostolon was bound to produce a 6% loan because of the rate specified in the unused prior written agreement.
 The evidence clearly shows an oral agreement between the parties to procure the second realty loan and that the written agreement was replaced by the later oral one. Also, it shows that Caracasis knowingly signed the loan papers for a 10% rate and that Apostolon had performed his part of the contract. We find that this is merely a case of a conflict in the evidence which the trial court found in favor of the plaintiff Apostolon. And, accordingly, we hold that a judgment based upon such evidence cannot be disturbed on review. Also, there is ample evidence of a valid consideration for the note.
The judgment is affirmed.
Mr. Justice Day not participating.